UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH W. LESINSKI, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-00978 NAB |
| ) | |
| LOGAN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Keith Lesinski and Defendant Logan University have filed a Joint Motion for Approval of Confidential Settlement. [Doc. 36]. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). The parties have not provided sufficient information for me to conduct the required fairness evaluation, therefore I will withhold ruling on the motion pending the receipt of additional information.

The plaintiff's claims were brought under the Fair Labor Standards Act, 29 U.S.C. § 216(b). A district court may only approve a settlement in a case brought under § 216(b) after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Moore v. Ackerman Investment Co.*, No. C 07-3058 MWB, 2009 WL2848858, at *2 (N.D. Iowa Sept. 1, 2009).

When reviewing settlements under the FLSA, courts regularly consider the same fairness factors typically applied to a Rule 23 class action. *Moore*, 2009 WL 2848858 at *2; *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718-19 (E.D. La. 2008). A district court must give "comprehensive consideration" to all relevant factors. *Brask v. Heartland Auto. Servs. Inc.*, No. 06-CV-00011 RHK/AJB, 2006 WL 2524212, at *2 (D. Minn. Aug. 15, 2006).

In the Joint Motion, the parties stipulate that the settlement reached between them represents a fair and reasonable resolution of the plaintiff's claims against the defendant and advances judicial economy.  The parties also filed copy of the confidential settlement agreement and general release under seal.

However, the parties did not provide sufficient evidence from which I can conclude that the settlement is fair and reasonable.  For example, I need to know generally the amount and type of discovery that was undertaken before the settlement was reached, the amount of time spent by counsel and the parties in negotiating or discussing the settlement, and the experience and qualifications of counsel.

I will, therefore give the parties 30 days to supplement their filing, and will hold the motion in abeyance until more information is provided.
Accordingly,

**IT IS HEREBY ORDERED** that the parties shall, within 30 days, file supplemental materials sufficient to allow me to determine the fairness of the proposed confidential settlement.

**IT IS FURTHER ORDERED** that any confidential portions of the supplemental materials may be filed under seal.

/s/Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of June, 2012.